UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------

ESTHER EZAGUI
on behalf of herself and
all other similarly situated consumers

                    Plaintiff,

         -against-

RGS FINANCIAL, INC.

                  Defendant.

--------------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff seeks redress for the illegal practices of RGS Financial, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Richardson, Texas.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Esther Ezagui*

9.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about November 23, 2020, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said November 23, 2020 letter, instead of it being sent to Plaintiff directly from its own offices, Defendant sent information regarding Plaintiff and the alleged debt to a commercial mail-house ("mail house").

12. As such, Defendant had disclosed to the mail house, the Plaintiff's status as a debtor and other highly personal pieces of information.

13. The mail house then populated much of Plaintiff's private information into a pre-written template, printed it, and mailed the letter to the Plaintiff's residence.

14. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

15. The sending of an electronic file containing information about Plaintiff's purported debt to a mail house is therefore a communication.

16. Defendant's communication to the mail house was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being

communication with and motivation of the consumer to pay the alleged debt.

17. Plaintiff never consented to having his personal and confidential information, concerning the debt or otherwise, shared with anyone else.

18. Section 15 U.S.C. 1692c(b) of the FDCPA states:

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the **consumer, his attorney, a consumer reporting agency** if otherwise permitted by law, **the creditor, the attorney of the creditor, or the attorney of the debt collector**." (emphasis added).

19. The mail house used by Defendant as part of its debt collection efforts against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. § 1692c(b).

20. Due to Defendant's communication to this mail house, information about the Plaintiff, including her name, the amount allegedly owed, and her home address are all within the possession of an unauthorized third-party.[1]

21. Defendant unlawfully communicates with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

22. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive and personal information to an unauthorized third-party has on consumers. See Hunstein v. Preferred Collection & Mgmt. Servs., Case No. 8:19-cv-983-T-60SPF (M.D. Fla. Oct. 29, 2019) (Preferred's transmittal to Compumail included specific details regarding Hunstein's debt: Hunstein's status as a debtor, the precise

---

[1] Brown v. Van Ru Credit Corp., 804 F.3d 740, 743 (6th Cir. 2015). If a debt collector ("conveys information regarding the debt to a third party - informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information.")

3

amount of his debt, the entity to which the debt was owed, and the fact that the debt concerned his son's medical treatment, among other things. It seems to us inescapable that Preferred's communication to Compumail at least "concerned," was "with reference to," and bore a "relationship [or] association" to its collection.)

23. The letter sets forth that the company is there to help the debtor and provides three options in order to help.

24. The only options are three different messages of making payment on the debt.

25. To the right of those messages are directives of different methods of making payment.

26. The presentation of the letter contradicts and confuses the Plaintiff's right to dispute the debt.

27. Defendant violated 15 U.S.C. § 1692c(b) for disclosing information about Plaintiff's alleged debt to the employees of an unauthorized third-party mail house in connection with the collection of the debt.

28. Defendant violated 15 U.S.C. § 1692f by using unfair means in connection with the collection a debt, to wit, knowingly disclosing sensitive and personal information about Plaintiff, to third parties not expressly authorized under the FDCPA.

29. Defendant violated 15 U.S.C. § 1692e(10) and 1692g by contracting the Plaintiff's right to dispute the debt.

30. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

31. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

32. Defendant violated the Plaintiff's right not to be the target of misleading debt collection

communications.

33. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

34. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

35. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

36. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

37. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

38. As an actual and proximate result of the acts and omissions of RGS Financial, Inc., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

39. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty-eight (38) as if set forth fully in this cause of action.

40.   This cause of action is brought on behalf of Plaintiff and the members of a class.

41.   The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about November 23, 2020; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Sant Nordstrom Credit Services; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692c(b) and 1692f for disclosing information about Plaintiff's alleged debt to the employees of an unauthorized third-party mail house in connection with the collection of the debt and for using unfair means in connection with the collection a debt.

42.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

> A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.
>
> B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.
>
> C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.,* the class members), a matter capable of ministerial determination from the records of Defendant.
>
> D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

      E.   The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

43.   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

44.   Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

45.   If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

46.   Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

47.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

48.   Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself against Defendant.*

49.  Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through ten (10) and thirty (30) through thirty five (35) as if set forth fully in this cause of action.

50.  Plaintiff filed for divorce in or about the end of 2015.

51.  During the divorce proceedings, Plaintiff's ex-husband, by agreement, was supposed to make payments to the Plaintiff.

52.  Plaintiff's ex-husband failed to adhere to the agreement which caused the Plaintiff to become unable to pay her obligations.

53.  Plaintiff lived under very challenging circumstances for many years until the divorce was finalized in or about the beginning of 2021.

54.  Had the Plaintiff's ex-husband adhere to the support schedule imposed by the court, the Plaintiff would not have fallen behind in her credit card balances.

55.  The Plaintiff incurred interest and late penalties through no fault of her own.

56.  Defendant violated the FDCPA by collecting upon an amount which was not owed.

## *Violations of the Fair Debt Collection Practices Act*

57.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt
Collection Practices Act.

58.     Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and
the members of the class are entitled to damages in accordance with the Fair Debt
Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this

Court enter judgment in her favor and against the Defendant and award damages as follows:

   A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

   B. Attorney fees, litigation expenses and costs incurred in bringing this
      action; and

   C. Any other relief that this Court deems appropriate and just under the
      circumstances

Dated: Woodmere, New York
July 5, 2021

/s/ Adam J. Fishbein
Adam J. Fishbein, P.C. (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

/s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

9



| CREDITOR: | NORDSTROM CREDIT SERVICES |
| | 4147211029056925 |
| RGS ACCOUNT #: | 0015624508 |
| AMOUNT OWED: | $2,395.68 |
| LAST PAID DATE: | 04/10/19 |

1760 Jay Ell Dr Ste 200 • Richardson TX 75081
Phone Number: 866-941-8600
PAY ONLINE: www.myrgs.com

## ACCOUNT INFORMATION

NOVEMBER 23, 2020

Dear ESTHER EZAGUI:

RGS Financial, Inc. has been assigned to provide a resolution on the above stated account. Associates are available to assist you. We're here to help you, but we need you to act. Please decide what works for you.

☐ You can resolve your account, without talking to an associate, by visiting our secure, private website at https://www.myrgs.com to negotiate and pay anytime, day or night.

☐ You can pay $2,395.68 in full or make:
  Two payments of $1,197.84
  Three payments of $798.56.

☐ Call 866-941-8600 or visit us online to make alternate arrangements.

We're here to help, and we'd like your feedback. Please feel free to reach out to us with compliments, complaints or suggestions at president@rgsfinancial.com.

Sincerely,
RESOLUTION DEPARTMENT
RGS Financial, Inc.
Toll Free 866-941-8600

Manage Account Online:
www.myrgs.com

Pay by Phone:
866-941-8600

Pay by MoneyGram:
Receive Code 4290

 Pay by Mail:
Make checks payable to
RGS Financial, Inc.

This communication is from a debt collector.
This is an attempt to collect a debt and any information obtained will be used for that purpose.

### NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

PLEASE DETACH LOWER PORTION AND RETURN WITH PAYMENT IN THE ENCLOSED ENVELOPE

For your convenience, we accept
VISA or MasterCard 

CORGSF01
PO BOX 1280
OAKS PA 19456-1280
ADDRESS SERVICE REQUESTED

 PAY ONLINE
www.myrgs.com

PLEASE SEND ALL CORRESPONDENCE TO:

NOVEMBER 23, 2020

RGS FINANCIAL, INC.
PO BOX 852039
RICHARDSON TX 75085-2039

AG3      662338439
ESTHER EZAGUI
PO Box 546
Cedarhurst NY 11516-0546

CREDITOR                    NORDSTROM CRED
                            4147211029056925